# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

**JONATHAN OJEDA,**

      **Plaintiff,**

v.                                                                                                                    **Civil Action No. 2:10cv126**

**DR. PROCTER, TRISTEN TENNY,**
**ADRIAN HOKE and**
**WEXFORD MEDICAL SOURCES,**

      **Defendants.**

## ORDER

On December 7, 2010, Magistrate Judge David J. Joel filed his Report and Recommendation (R&R) (Doc. 18), wherein the plaintiff was directed, in accordance with 28 U.S.C. § 636(b)(1), to file with the Clerk of Court any written objections within fourteen (14) days after being served with a copy of the R&R. Plaintiff filed his objections on December 16, 2010. (Doc. 20).

Upon examination of the report from the Magistrate Judge, it appears to this Court that the issues raised by the plaintiff in his civil rights complaint, wherein plaintiff alleges that defendants have denied him adequate and appropriate medical care, were thoroughly considered by Magistrate Judge Joel in his R&R. The Magistrate Judge has recommended that Wexford Medical Sources and Adrian Hoke be dismissed with prejudice as defendants in this matter, and that the Complaint be served against defendants Dr. Proctor and Tristan Tenney. The Court finds, however, that some of legal reasoning utilized by the Magistrate to reach his recommendations are incorrect.

Pursuant to 28 U.S.C. § 636 (b) (1) (c), this Court is required to make a *de novo* review of those portions of the magistrate judge's findings to which objection is made.

However, the Court is not required to review, under a *de novo* or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the findings or recommendation to which no objections are addressed. ***Thomas v. Arn***, 474 U.S. 140, 150 (1985). In addition, failure to file timely objections constitutes a waiver of *de novo* review and the plaintiff's right to appeal this Court's Order. 28 U.S.C. § 636(b)(1); ***Snyder v. Ridenour***, 889 F.2d 1363, 1366 (4th Cir. 1989); ***United States v. Schronce***, 727 F.2d 91, 94 (4th Cir. 1984). Here, objections to Magistrate Judge Joel's R & R were due within fourteen (14) days of receipt of the R&R, pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b). The docket reflects that service of the R&R was accepted on December 10, 2010. (Doc. 19). Plaintiff timely filed his Objections on December 16, 2010. (Doc. 20). In his objections, the plaintiff only objects to the Magistrate Judge's finding that Wexford Medical Sources is not amenable to suit under § 1983.

Wexford Medical Sources ("Wexford") is a private corporation that provides medical services to inmates at Huttonsville Correctional Center. Accordingly, Wexford is a state actor for purposes of § 1983. *See **West v. Atkins***, 487 U.S. 42, 54 (1988) (holding a private entity which contracts with the state to provide medical services acts "under color of state law"). However, a corporation cannot be held liable in a § 1983 action for the acts of its employees under the doctrine of *respondeat superior*. *See **Monell v. Dep't of Social Servs.***, 436 U.S. 658, 691-92 (1978). "According to the Fourth Circuit Court of Appeals, 'a private corporation [which is a state actor] is liable under § 1983 only when an official policy or custom of the corporation causes the alleged deprivation of federal rights.'" ***Page v. Kirby***, 314 F.Supp.2d 619, 622 (N.D. W.Va. 2004) (quoting ***Austin v. Paramount***

*Parks, Inc.*, 195 F.3d 715, 728 (4th Cir. 1999)). The Magistrate Judge found that the plaintiff's claims against Wexford must be dismissed as Wexford is not a "person" for purposes of § 1983 liability. Based on the aforementioned, this Court disagrees with this reasoning, and finds that it must, instead, evaluate whether the plaintiff has alleged that Wexford had any official policies or customs that caused the alleged deprivation of rights. Upon review of the Complaint, the Court finds that the plaintiff has not made any allegations of a policy or custom held by Wexford that led to any alleged deprivation of his constitutional rights. Therefore, the plaintiff has failed to state a claim against Wexford.

Pursuant to 28 U.S.C. § 636 (b) (1) (c), this Court has made *de novo* review of those portions of the Magistrate's findings to which plaintiff objected. See *Thomas*, 474 U.S. at 150. After such review it is **ORDERED** as follows:

Magistrate Judge Joel's R&R (Doc. 18) be, and the same hereby is, **ADOPTED IN PART**. Accordingly, it is

**ORDERED** that plaintiff's claims against Wexford Medical Sources shall be, and the same are hereby, **DISMISSED WITHOUT PREJUDICE** pursuant to 28 U.S.C. § 1915A and 1915(e) for the failure to state a claim for which relief may be granted. It is further

**ORDERED** that plaintiff's claims against Adrian Hoke shall be, and the same are hereby, **DISMISSED WITH PREJUDICE**. It is further

**ORDERED** that the plaintiff's claims against defendants Dr. Proctor and Tristan Tenney shall proceed. Accordingly, the Clerk of Court is hereby directed to serve defendants Dr. Proctor and Tenney with a copy of a twenty-one (21) day summons and the Complaint in this civil action through the United States Marshal Service. It is further

**ORDERED** that the Clerk shall enter judgment for defendants Wexford Medical Services and Hoke.

The Clerk of the Court is directed to transmit a copy of this Order to all parties appearing herein.

**DATED**: January 24, 2011.

JOHN PRESTON BAILEY
UNITED STATES DISTRICT JUDGE