# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

**JONATHAN OJEDA,**

      **Plaintiff,**

v.                                                     **Civil Action No. 2:10cv126**
                                                           **(Judge Bailey)**

**DR. DAVID PROCTOR,**
**TRISTAN TENNEY,**
**WEXFORD MEDICAL SOURCES,**
**AND ADRIAN HOKE.**

      **Defendants.**

## OPINION/REPORT AND RECOMMENDATION

### I. Procedural History

The *pro se* plaintiff initiated this case on November 8, 2010, by filing a civil rights complaint pursuant to 42 U.S.C. § 1983. [Dckt. 1]. On November 15, 2010, he was granted permission to proceed as a pauper and assessed an initial partial filing fee. [Dckt. 14]. The plaintiff paid his initial partial filing fee on December 3, 2010. [Dckt. 17]. On January 24, 2011, the district judge dismissed defendants Wexford Medical Sources and Adrian Hoke. [Dckt. 22]. After service of the summonses and complaint, the remaining defendants filed a Motion to Dismiss on February 17, 2011. [Dckt. 28]. Because the plaintiff is proceeding without counsel, on February 22, 2011, the Court issued a Roseboro Notice advising the plaintiff of his right to file a response to the defendants' motion. [Dckt.30]. The plaintiff filed his response on March 18, 2011. [Dckt. 32], to which the defendants filed a response on April 1, 2011. [Dckt. 34].

### II. The Contentions of the Parties

#### A. The Complaint

In the complaint, the plaintiff alleges that the defendants violated his rights under the Eighth

and Fourteenth Amendments to the United States Constitution. As to his Eighth Amendment rights, the plaintiff asserts that he was subjected to cruel and unusual punishment because the defendants showed deliberate indifference to his serious medical needs by denying him certain medical care for his back.

The plaintiff alleges five problems with his back: (1) three major surgeries on his lower back throughout his lifetime that cause him pain; (2) osteoporosis; (3) a bulging disc between the fourth and fifth vertebrae; (4) disintegrating discs throughout his spine; and (5) disk problems in the neck and shoulder. He claims that while at his previous prison, he visited outside doctors who wrote him a prescription for the drug "Boniva" to treat his osteoporosis and "Loritab" to treat the pain, and that they recommended that the plaintiff use a neck-wedge support pillow. While detained at the previous prison, the plaintiff did not receive the neck wedge or the pain medication, but did receive the "Boniva." Following his transfer to his current place of confinement, the defendants changed this treatment regiment and placed the plaintiff on the drugs "Naprosyn" and "Baclofen" for his pain, refused him "Boniva," and told him that although the medical records from the previous prison had not yet arrived, this treatment regiment would not change. The plaintiff is seeking an injunction to force the defendants to arrange for him to meet with a surgeon or an orthopedic doctor regarding his condition, receive physical therapy or other medical treatment from a medical practitioner specializing in back injuries, and for the defendants to immediately carry out any treatment this specialist deems proper. He is also requesting compensatory and punitive damages, and all other relief the court deems proper.

The Fourteenth Amendment due process violations were alleged against the two defendants

that were dismissed from the case, and are therefore moot.[1]

## B. The Defendants' Motion

In their memorandum in support of their Motion to Dismiss, the defendants assert that the plaintiff's Eighth Amendment claim must fail because he has failed to establish that Dr. Proctor acted with deliberately indifference to his medical needs. Instead, they argue that the plaintiff simply disagrees with the treatment he has been provided, and that his Eighth Amendment claim should be dismissed. They also claim that because defendant Tenney does not have the authority to supply the plaintiff with the medical care he desires, defendant Tenney cannot be liable and should be dismissed from the case.

## C. The Plaintiff's Response

In response to the defendants' motion, the plaintiff reiterates the argument made in his complaint and provides documentation of communication he had with defendants about his medical issues. He also claims that the treatment he has received from the defendants will result in him being crippled for the rest of his life and places a financial burden on his family that they cannot afford. As such, the plaintiff requests an increase in both the compensatory and punitive damages to account for these future medical bills.

## D. The Defendants' Reply to Plaintiff's Response

In the defendants' reply, they claim that the plaintiff's response and documentation actually supports their argument that the plaintiff claims are nothing more than a disagreement with the

---

[1] The due process claim against Adrian Hoke was for refusal to overturn the denial of the plaintiff's grievance despite knowledge of the plaintiff's severe medical needs. The due process claim against Wexford Medical Sources was for failure to properly train and instruct its employees in medical matters that pertain to an individual's treatment.

doctor over the best way to treat his condition, and thus no Eighth Amendment violation exists. They also allege that because the plaintiff's response does not address their allegation that defendant Tenney cannot be liable because he is unable supply medical care to the plaintiff, defendant Tenney should be dismissed from this case.

### III. Standards of Review

#### A. Motion to Dismiss

"A motion to dismiss under Rule 12(b)(6) tests the sufficiency of a complaint; importantly, it does not resolve contests surrounding facts, the merits of a claim, or the applicability of defenses." Republican Party of N.C. v. Martin, 980 F.2d 943, 952 (4th Cir.1992) (citing 5A Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1356 (1990)). In considering a motion to dismiss for failure to state a claim, a plaintiff's well-pleaded allegations are taken as true and the complaint is viewed in the light most favorable to the plaintiff. Mylan Labs, Inc. v. Matkari, 7 F.3d 1130, 1134 (4th Cir.1993); see also Martin, 980 F.2d at 952.

The Federal Rules of Civil Procedure "require[ ] only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the ... claim is and the grounds upon which it rests.'" Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). Courts long have cited the "rule that a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of [a] claim which would entitle him to relief." Conley, 355 U.S. at 45-46. In Twombly, the United States Supreme Court noted that a complaint need not assert "detailed factual allegations," but must "contain more than labels and conclusions" or "a formulaic recitation of the elements of a cause of action." Conley, 550 U.S. at 555 (citations

4

omitted). Thus, the "[f]actual allegations must be enough to raise a right to relief above the speculative level," *id.* (citations omitted), to one that is "plausible on its face," *id.* at 570, rather than merely "conceivable." *Id.* Therefore, in order for a complaint to survive dismissal for failure to state a claim, the plaintiff must "allege facts sufficient to state all the elements of [his or] her claim." Bass v. E.I.DuPont de Nemours & Co., 324 F.3d 761, 765 (4th Cir.2003) (citing Dickson v. Microsoft Corp., 309 F.3d 193, 213 (4th Cir.2002); Iodice v. United States, 289 F.3d 279, 281 (4th Cir.2002)). In so doing, the complaint must meet a "plausibility" standard, adopted by the Supreme Court in Ashcroft v. Iqbal, where it held that a "claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009). Thus, a well-pleaded complaint must offer more than "a sheer possibility that a defendant has acted unlawfully" in order to meet the plausibility standard and survive dismissal for failure to state a claim. *Id.*

### IV.  Analysis

#### A. Eighth Amendment Claim

##### 1. Dr. David Proctor

The plaintiff alleges that this defendant acted with deliberate indifference to the medical problems associated with his back. The defendant assert that he was not deliberately indifferent, but rather that the plaintiff merely disagrees with the treatment he has received.

To state a claim under the Eighth Amendment for ineffective medical assistance, a plaintiff must show that the defendants acted with deliberate indifference to his serious medical needs. Estelle v. Gamble, 429 U.S. 97, 104 (1976). A cognizable claim under the Eighth Amendment is not raised when the allegations reflect a mere disagreement between the inmate and a physician over

the inmate's proper medical care, unless exceptional circumstances are alleged. Wright v. Collins, 766 F.2d 841, 849 (4th Cir. 1985). In order to establish an Eighth Amendment violation, a prisoner must prove two elements: (1) that objectively the deprivation of a basic human need was "sufficiently serious," and (2) that subjectively the prison official acted with a "sufficiently culpable state of mind." Wilson v. Seiter, 501 U.S. 294, 298 (1991).

With regard to claims of inadequate medical attention, the objective component is satisfied by a serious medical condition. A medical condition is "serious" if "it is one that has been diagnosed by a physician as mandating treatment, or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention." Gaudreault v. Municipality of Salem, Mass., 923 F.2d 203, 208 (1st Cir.1990), cert. denied, 500 U.S. 956 (1991); Monmouth County Correctional Institutional Inmates v. Lanzaro, 834 F.2d 326, 347 (3rd Cir.1987), cert. denied, 486 U.S. 1006 (1988). A medical condition is also serious if a delay in treatment causes a life-long handicap or permanent loss. *Id.* at 347.

The prisoner may satisfy the subjective component of a "cruel and unusual punishment" claim by showing deliberate indifference by prison officials. Wilson, 501 U.S. at 303. "[D]eliberate indifference entails something more than mere negligence [but] is satisfied by something less than acts or omissions for the very purpose of causing harm or with knowledge that harm will result." Farmer v. Brennan, 511 U.S. 825, 835 (1994). Basically, a prison official "must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." Farmer, 511 U.S. at 837. "[A]cting or failing to act with deliberate indifference to a substantial risk to a prisoner is the equivalent of recklessly disregarding that risk." *Id.* at 836. A prison official is not liable if he "knew the underlying facts but believed (albeit

6

unsoundly) that the risk to which the fact gave rise was insubstantial or nonexistent." *Id.* at 844. "To establish that a health care provider's actions constitute deliberate indifference to a serious medical need, the treatment, [or lack thereof], must be so grossly incompetent, inadequate, or excessive as to shock the conscience or to be intolerable to fundamental fairness. Deliberate indifference may be demonstrated by either actual intent or reckless disregard." Miltier v. Beorn, 896 F.2d 848, 851 (4th Cir.1990); Norris v. Detrick, 918 F.Supp. 977, 984 (N.D.W.Va.1996), aff'd, 108 F.3d 1373 (4th Cir.1997).

From the facts of the case, and the relief the plaintiff is requesting, it is clear that the plaintiff simply disagrees with the defendant's treatment regiment and wishes to have a course of treatment he believes would better suit his needs. Thus, even if the plaintiff's back condition qualifies as "sufficiently serious" to satisfy the objective element of the Wilson analysis, the subjective element of the test is unsatisfied. Using his own medical judgment, Dr. Proctor chose a course of treatment that he deemed was appropriate under the circumstances, providing the plaintiff with numerous medications and communicating with the plaintiff regarding his condition. The plaintiff has provided no evidence that this course of conduct was so "grossly incompetent, inadequate, or excessive as to shock the conscious" to satisfy Miltier, or which justifies his allegations solely by alleging that the treatment was ineffective and did not solve his back problems. However, whether the course of treatment the defendant chose for the plaintiff was the best or most effective care an individual can receive for a back condition is irrelevant, as the care an inmate receives "need not be the best possible care; only 'reasonable' care." Goff v.Bechtold, 632 F. Supp. 697, 698 (S.D.W.Va. 1986); *see also* Vintage v. Gibbs, 550 F.2d 926 (4th Cir. 1977). Moreover, denying an inmate the course of treatment he prefers does not violate a constitutional right. *Id.* Therefore, it is

7

recommended that the plaintiff's Eighth Amendment claim be dismissed.

### 2. Tristan Tenney

The plaintiff alleges that this defendant, the medical administrator for the prison, was deliberately indifferent to his medical needs by not ensuring the plaintiff had adequate health care. The defendant alleges that because he is not a doctor, and therefore cannot supply the plaintiff the relief he is requesting, the only way for the defendant to be liable is through supervisor liability.

The defendant is correct that, under the circumstances of this case, the only way he can be liable to the plaintiff for the alleged Eighth Amendment violation, is through supervisor liability. As such, there are three situations in which defendants may be liable in their supervisory capacity: "(1) the supervisory defendants failed to provide an inmate with needed medical care; (2) that the supervisory defendants deliberately interfered with the prison doctors' performance; or (3) that the supervisory defendants tacitly authorized or were indifferent to the prison physicians' constitutional violations." Miltier, 896 F.2d at 854. A plaintiff cannot establish supervisory liability merely by showing that a subordinate was deliberately indifferent to his needs. *Id.* Rather, the plaintiff must show that a supervisor's corrective inaction amounts to deliberate indifference or tacit authorization of the offensive practice. *Id.*

None of the situations outlined in Miltier describe the defendant's actions in this case. First, as the defendant is a nurse, and not a doctor, he cannot provide the plaintiff with the medical care he desires. Second, nothing in the evidence shows that the defendant interfered with the doctor treatment of the plaintiff. Third, it has already been established that the prison physician committed no constitutional violation. Accordingly, the plaintiff has failed to show that supervisory liability applies to defendant Tenney, and this defendant should be dismissed.

### V. Recommendation

For the reasons stated, the undersigned recommends that the defendants' Motion to Dismiss [dckt. 28] be **GRANTED** and the plaintiff's complaint [dckt. 1] be **DISMISSED with prejudice** from the active docket of this Court.

Within **fourteen (14) days** after being served with a copy of this Opinion/Report and Recommendation, any party may file with the Clerk, written objections identifying those portions of the recommendation to which objection is made and the basis for such objections. A copy of any objections shall also be submitted to the Honorable John Preston Bailey, United States District Judge. Failure to timely file objections to this recommendation will result in waiver of the right to appeal from a judgment of this Court based upon such recommendation. 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984).

The Clerk is directed to send a copy of this Opinion/Report and Recommendation to the *pro se* plaintiff by certified mail, return receipt requested, to his last known address as shown on the docket, and to counsel of record via electronic means.

DATED: May 27, 2011.

_____
DAVID J. JOEL
UNITED STATES MAGISTRATE JUDGE